# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-00800 MMM (PJWx) | Date | May 9, 2011 |
| Title | *Huezo et al v. Westfield Topanga Owner L.P. et al.* | | |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order To Show Cause Why Misjoined Claims Should Not Be Severed

On January 26, 2011, plaintiffs Barbara Vanderhoop and Marvin Huezo filed this action against defendants California Pizza Kitchen, Inc. ("CPK") and Westfield Topanga Owner L.P. ("Westfield"). CPK is located in the Westfield Topanga Mall, which Westfield owns and operates. Plaintiffs seek injunctive relief, general and special, damages, as well as attorneys' fees and costs.[1]

Having reviewed the complaint, the court directs plaintiffs to show cause why their claims against defendants should not be severed under Rule 21 of the Federal Rules of Civil Procedure due to misjoinder.

## I. LEGAL STANDARD GOVERNING PROPER JOINDER OF PLAINTIFFS

Rule 20(a) of the Federal Rules of Civil Procedure governs the permissive joinder of parties in a civil action in federal court. The rule provides, in pertinent part that

> "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of

---

[1]Complaint, Docket No. 1 (Jan. 26, 2011).

1

law or fact common to all these persons will arise in the action." FED.R.CIV.PROC. 20(a).

Under the Rule, two specific requirements for the permissive joinder of parties must be met: "'(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action.'" *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 587 (C.D. Cal. 1998) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980), in turn citing *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977)). "Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)." 7 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 1653 (1995).

"Even once these requirements are met," however, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)(quoting *Desert Empire Bank*, 623 F.2d at 1375). Relevant factors include, *inter alia*, possible prejudice to any party and the motive of the party proposing joinder. See, e.g., *Desert Empire Bank*, 623 F.2d at 1375 ("[W]hen making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action").

The Ninth Circuit has held that Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917. There are limits, however, to this policy of liberality. In the absence of claims arising out of the same transaction or occurrence, joinder is improper under Rule 20. See *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[T]he existence of a common allegation . . . , in and of itself, does not suffice to create a common transaction or occurrence"). Moreover, "the mere fact that all [p]laintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." *Id.* at 1351.

Where joinder is improper, Rule 21 provides that the court, "upon its own initiative," may drop any misjoined party "on such terms as are just." FED.R.CIV.PROC. 21; see also *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 267 (6th Cir. 2003) ("Courts cannot dismiss actions where there has been misjoinder of parties, but they may drop or add parties under Rule 21"). In a case such as this, "[i]f the test for permissive joinder is not satisfied" and "no substantial right will be prejudiced by the severance," the court should "dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint."

*Coughlin*, 130 F.3d at 1350 (internal quotation marks omitted).
## II. WHETHER PLAINTIFFS ARE PROPERLY JOINED

The first question under Rule 20 – whether plaintiffs' claims against each defendant or group of defendants arise out of the same transaction or occurrence – "refers to similarity in the factual background of a claim." *Id.* "Transaction" is admittedly "a word of flexible meaning," and "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974). "[T]o be reasonably related," however, "the actions must involve more than just similar goods that are used for a similar purpose." *DIRECTV, Inc. v. Boggess*, 300 F.Supp.2d 444, 449 (S.D. W. Va. 2004) (citing *DIRECTV, Inc. v. Perez*, No. 03-C3504, 2003 WL 22682344, *1 (N.D. Ill. Nov.12, 2003)).

Although each plaintiff alleges that he or she is a qualified disabled person within the meaning of the Americans With Disabilities Act ("ADA") and that "defendants" have failed to comply with the requirements of that statute,[2] the injuries they allege appear distinct; Vanderhoop asserts claims principally against CPK, while Huezo pleads claims against Westfield and asserts no claims against CPK. As a result, the injury that each plaintiff allegedly suffered due to defendants' purported ADA violations is separate and distinct from the injury allegedly suffered by the other plaintiff. Consequently, plaintiffs' claims could be said to arise from distinct "transactions," supporting the conclusion that joinder is improper. See *Coughlin*, 130 F.3d at 1348 (affirming the district court's severance of forty-nine separate claims for administrative review brought by forty-eight unrelated individuals against a common defendant, the INS); see also *Franconia Assocs. v. United States*, 61 Fed. Cl. 335, 337 (2004) (holding that thirty-one unrelated property owners were misjoined in an action against the United States alleging breaches of Farmers' Home Administration agreements); *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir.1983) (affirming the district court's decision not to join multiple plaintiffs in a single action although their claims were based on purportedly similar defects in plaintiffs' automobiles); cf. *Nassau County Ass'n. of Insurance Agents, Inc. v. Aetna Life & Casualty Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) (holding that there had been a misjoinder of insurance defendants where plaintiffs alleged that defendants had terminated agency contracts in violation of the antitrust laws but "[n]o allegation of conspiracy or other concert of action [was] asserted[,] . . . [n]o connection at all between the practices engaged in by each of the 164 defendants [was] alleged[, and defendants'] actions as charged were separate and unrelated, with terminations occurring at different times for different reasons with regard to different agents"); *DIRECTV, Inc.*, 300 F.Supp.2d at 449 ("Since DIRECTV has filed almost identical actions in courts across the country, several courts have ruled on similar motions to dismiss for the improper joinder of defendants. An overwhelming majority of these courts have concluded, as this court does, that unrelated defendants who purchase pirate access devices in separate transactions engage in distinct and unrelated acts"); *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn.1983) ("It may be that

---

[2]*Id.*, ¶ 1.

the complaints assert a right to relief against all defendants arising from *similar* transactions, but the rule permitting joinder requires that such arise from the *same* transactions. They don't here. Each of the complaints states a separate cause of action against each of the 1795 defendants. No concert of action is alleged, nor could it be because the operative facts of each transaction are distinct and unrelated to any other. There is no claim that the alleged pirating of microwave signals was done other than independently by each of the 1795 defendants").

### III. CONCLUSION

The court orders plaintiffs to show cause, on or before **May 16, 2011**, why it should not require that they file separate lawsuits against defendants. Should plaintiffs fail to respond to the court's order, the court will issue an order directing the clerk to dismiss Vanderhoop's claims without prejudice.